# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
_____

### DOCKETING STATEMENT
_____

| | |
|---|---|
| Appeal Number | 23-8043 |
| Case Name | 22-CV-00067-SWS |
| Party or Parties Filing Notice of Appeal Or Petition | Iron Bar Holdings, LLC |
| Appellee(s) or Respondent(s) | Bradly H. Cape; Zachary M. Smith; Phillip G. Yeomans; and John S. Slowensky. |
| List all prior or related appeals in this court with appropriate citation(s). | The are no prior or related appeals. |

## I.  JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A.  APPEAL FROM DISTRICT COURT

**1.**  Date final judgment or order to be reviewed was **entered** on the district court docket:  ___June 1, 2023___

**2.**  Date notice of appeal was **filed**:  ___June 29, 2023___

**3.**  State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority):  ___30 days, pursuant to Fed. R. App. P. 4(a)(1)(A)___

   **a.**  Was the United States or an officer or an agency of the United States a party below? ___No___

   **b.**  Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: ___No___

**4.**     Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    **a.**     Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

        N/A

    **b.**     Has an order been entered by the district court disposing of any such motion, and, if so, when?

        N/A

**5.**     Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291.   Yes

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

    **a.**     If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

        N/A

    **b.**     If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)?          N/A

    **c.**     If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?          N/A

**6.**     Cross Appeals.

    **a.**     If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

        N/A

    **b.**     If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals).          N/A

**B.**    **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.**    Date of the order to be reviewed: _____N/A_____

    **2.**    Date petition for review was filed: _____N/A_____

    **3.**    Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____N/A_____

    **4.**    Specify the time limit for filing the petition (cite specific statutory section or other authority): _____N/A_____

**C.**    **APPEAL OF TAX COURT DECISION**

    **1.**    Date of entry of decision appealed:_____N/A_____

    **2.**    Date notice of appeal was filed:___N/A_____
(If notice was filed by mail, attach proof of postmark.)

    **3.**    State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____N/A_____

    **4.**    Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)_____N/A_____

## II.    ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

**A.**    Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____ N/A _____

**B.**    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____ N/A _____

**C.**    Describe the sentence imposed. _____ N/A _____

_____

**D.**    Was the sentence imposed after a plea of guilty? _____ N/A _____

**E.**    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____ N/A _____

**F.**    Is the defendant on probation or at liberty pending appeal? _____ N/A _____

**G.**    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____ N/A _____

**NOTE**:    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

## III.    GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

In Wyoming, there is a 40-mile-wide checkerboard pattern of land ownership, with public land being the metaphorical white squares and private land being the metaphorical black squares. There has been a decades-long dispute as to whether an individual is subject to trespass liability when crossing from public land to public land at the corners (called "corner crossing"). Plaintiff below, and Appellant here, is a private landowner within the checkerboard operating a ranch. The four named defendants below, and Appellees here, are non-Wyoming residents who obtained hunting licenses in Wyoming. Defendants crossed over Plaintiff's land multiple times while corner crossing.

Plaintiff's complaint sought a declaratory judgment and injunctive relief for civil trespass. Defendants moved for summary judgment, while Plaintiff moved for partial summary judgment. The trial court issued an order on the cross motions for summary judgment, holding that "where a person corner crosses on foot in the checkerboard from public land to public land without touching the surface of private land and without otherwise damaging property, there is no liability for trespass." Plaintiff withdrew its one remaining claim, and final judgment was entered.

## IV.    IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).

Whether the district court erred as a matter of law when it granted summary judgment to Defendants, relying on *Mackay v. Unita Development Co.*, 2019 F. 116 (8th Cir. 1914), rather than *Leo Sheep Co. v. United States*, 440 U.S. 668 (1979), in holding that the public may pass over the corner of private land on foot without trespass liability.

## V.    ATTORNEY FILING DOCKETING STATEMENT:

Theresa Wardon Benz
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
303.892.9400
theresa.benz@dgslaw.com


/s/ *Theresa Wardon Benz*                    July 14, 2023
Signature                                          Date

**NOTE:**     The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, Theresa Wardon Benz, hereby certify that on July 13, 2023, I served a copy of the foregoing **Docketing Statement**, to counsel for appellees via CM/ECF or email at:

Alexandria LaVonne Layton
Evans Fears Schuttert McNulty Mickus
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Email: alayton@efstriallaw.com

Lee Allen Mickus, Esq.
Evans Fears Schuttert McNulty Mickus
3900 East Mexico Avenue, Suite 1300
Denver, CO 80210
Email: lmickus@efstriallaw.com

Ryan Semerad
242 South Grant Street
Casper, WY 82609
Email: semerad@thefullerlawyers.com

/s/ *Theresa Wardon Benz*
Signature

July 14, 2023
Date

Theresa Wardon Benz
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
303.892.9400
theresa.benz@dgslaw.com